IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| | § | CASE NUMBER 6:20-CR-00001-JCB |
| v. | § | |
| | § | |
| | § | |
| TRACY NEIL TRUELOVE, | § | |
| | § | |

REPORT AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE

On July 20, 2021, the court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Tracy Truelove. The government was represented by Alan Jackson, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Matt Millslagle, Federal Public Defender.

Defendant originally pled guilty to the offense of Felon in Possession of Firearm, classified as an Armed Career Criminal, therefore enhancing the felony to a Class A felony. This offense carried a statutory maximum imprisonment term of life. The United States Sentencing Guideline, range based on total offense level of 30 and criminal history category of VI, was 168 to 210 months. On March 6, 2015, District Judge Sidney Fitzwater of the Northern District of Texas sentenced Defendant to 180 months imprisonment followed by 4 years of supervised release, subject to the standard conditions of release, plus special conditions to include drug aftercare, financial disclosure, a $100 special assessment fee, and a forfeiture requirement.[1] On May 28,

---

[1] The judgment was amended on September 30, 2016 when it was determined Defendant was not an Armed Career Criminal and his felony was changed to a Class C felony. His term of imprisonment was reduced to 77 months followed by 3 years supervised release.

2019, Defendant completed his term of imprisonment and began his term of supervision in the Eastern District of Texas.

Under the terms of supervised release, Defendant was required to refrain from any unlawful use of a controlled substance. In Allegation 4 of its petition, the government alleges that Defendant violated his conditions of supervised release by submitting urine specimens that tested positive for methamphetamine.  The government represents that Fifth Circuit case law permits a court to find that illicit drug use constitutes possession for the offense.

If the court finds by a preponderance of the evidence that Defendant violated the conditions of supervised release by possessing methamphetamine, Defendant will have committed a Grade B violation. U.S.S.G. § 7B1.1(a). Upon finding of a Grade B violation, the court shall revoke supervised release. U.S.S.G. § 7B1.3(a)(1). Considering Defendant's criminal history category of VI, the Guideline imprisonment range for a Grade B violation is 21 to 27 months; however, the statutory maximum is two years. U.S.S.G. § 7B1.4(a).

At the hearing, the parties indicated that they had come to an agreement to resolve the petition whereby Defendant would plead true to violating the conditions of supervision by committing the acts as alleged in Allegation 4 of the government's petition. In exchange, the government recommended to the court a sentence of seventeen months with no supervised release to follow, which is a downward departure from the guideline range based upon credit for four months of time served by Defendant in Gregg County Jail.

The court agrees that a downward departure is appropriate and therefore **RECOMMENDS** that Defendant Tracy Truelove's plea of true be accepted and that he be sentenced to seventeen months imprisonment with no supervised release to follow. The court further **RECOMMENDS** that the place of confinement be FCI El Reno, Oklahoma and that Defendant receive drug

treatment, if available. The parties waived their right to objections so this matter shall be immediately presented to the District Judge for consideration.

**So ORDERED and SIGNED this 21st day of July, 2021.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE